## JACK RESIDE *v.* THE STATE.

1. EMBEZZLEMENT.— INDICTMENT or information for embezzlement must allege the value of the embezzled property.
2. SAME.— The value is not sufficiently alleged by describing the embezzled property as "eight dollars in money consisting of one five-dollar bill, one two-dollar bill, and one one-dollar bill, circulating medium current as money."
3. SAME — THEFT — INDICTMENT.— Appellant was charged with embezzlement as a "bailee" of certain funds "to be by him conveyed" to a designated place. *Quære:* Should not the prosecution have been for theft instead of embezzlement, conformably to article 788 of the Revised Penal Code, whereby embezzlement by a carrier is made theft?

APPEAL from the County Court of Parker. Tried below before the Hon. J. M. RICHARDS, County Judge.

The opinion sufficiently discloses the case.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J. The information charges the defendant with embezzlement, as follows: "That on, to wit: the 10th day of March, A. D. 1879, in the county of Parker and State of Texas, Jack Reside, who was then and there the bailee of eight dollars in money consisting of one five-dollar bill, one two-dollar bill and one one-dollar bill, all of which was then and there a circulating medium current as money, a more particular description of which cannot be given, and all then and there the property of Alonzo Hunt, did then and there embezzle, fraudulently misapply, and convert to his own use said money, without the consent of said Alonzo Hunt, who had then and there entrusted said money to said Jack Reside to be by him conveyed to Fort Worth, Texas, for him the said Alonzo Hunt, and which said money had then and there

come to the possession of said Reside, and was then and there under his care, by virtue of said bailment as aforesaid; against," etc.

Without attempting to criticise the information in other respects, we are of the opinion it is defective and insufficient to support a judgment of conviction for the crime of embezzlement, in that there is no direct substantive averment of the value of the money charged to have been embezzled. It is true the information charges that the defendant as bailee was entrusted with eight dollars in money, but the pleader goes on to particularize that the money consisted of a five, a two, and a one-dollar bill, but does not state that it is gold, silver or current paper of the United States or of any other government or country; and whilst it states the denomination of the several bills, there is no attempt made to state the value of said bills or either of them, or that they had any aggregate or separate value whatever. It is not averred even that the bills were genuine.

When a proper charge of embezzlement is made out, the punishment is the same as for theft. Original Penal Code, arts. 771-2. If the defendant in the case under consideration is liable at all, it is believed that his liability must be ascertained under art. 772. It is evidently intended to charge him with having been entrusted with the money in the capacity of a carrier. Now, if any carrier to whom any money, goods, or other property shall, be delivered to be carried by him, or if any other person who shall be entrusted with such property, shall embezzle or fraudulently convert to his own use any such money, goods or property, either in mass as the same were delivered, or otherwise, he shall be deemed guilty of theft, not embezzlement, and shall be punished as prescribed for that offense — theft, according to the value of the money, goods or other property so embezzled or converted. Original Penal Code, art. 772; Rev. Penal Code,

art. 788.   Should not the information under this article have been so framed as to charge this defendant as carrier rather than as bailee?   But be this as it may, the punishment for embezzlement being the same as for theft, the indictment or information should, as in theft, aver the value of the property or thing embezzled, in order to regulate the punishment.   In theft, except of particular kinds of property, as a horse, where the law fixes a definite punishment without reference to the value, the value must be averred and proved.   Theft of property of twenty dollars and over in value is punished by one rule, whilst theft of property in value less than twenty dollars is punished by a different rule altogether.

The information being defective and insufficient, the judgment will be reversed and the prosecution dismissed.

*Reversed and dismissed.*